| AUSA: | Sean L. King | Telephone: | (313) 226-9727 |
|---|---|---|---|
| Agent: | Wayne Williams | Telephone: | (313) 550-7945 |

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
Margarito HERNANDEZ DAVILA

Case No.

Case: 2:25−mj−30435
Assigned To : Unassigned
Assign. Date : 7/8/2025
Description: RE: MARGARITO HERNANDEZ DAVILA (EOB)

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 5, 2025__ in the county of __Oakland__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a) | Unlawful Re-Entry Following Removal from the United States |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_Complainant's signature_

Wayne Williams, Border Patrol Agent
_Printed name and title_

Sworn to before me and signed in my presence and/or by reliable electronic means.

Date: July 8, 2025

_Judge's signature_

City and state: Detroit, MI

David R. Grand, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF APPLICATION
## FOR A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Wayne Williams, declare the following under penalty of perjury:

1.I am a Border Patrol Agent with the United States Department of Homeland Security, United States Border Patrol. I have been employed in this capacity since April 2014. Currently, I am assigned to the Detroit Border Patrol Station. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers to include Border Patrol Agents and record checks of law enforcement databases. I have also reviewed the Immigration file and system automated data relating to Margarito HERNANDEZ-DAVILA, which reveals the following set forth below.

2.Because this affidavit is submitted for the limited purpose of demonstrating probable cause for the issuance of the requested complaint and arrest warrant, it does not contain each and every fact known about this case.

3.Based on the facts set forth in this affidavit, there is probable cause to believe that Margarito HERNANDEZ-DAVILA violated 8 U.S.C. § 1326(a), unlawful re-entry following removal.

4.Margarito HERNANDEZ-DAVILA is a 45-year-old male, native and citizen of Mexico, who last entered the United States at or near an unknown place, on or about an unknown date without being admitted, inspected, or paroled by an Immigration Officer.

1

5. On or about February 2, 2002, HERNANDEZ-DAVILA was arrested by United States Border Patrol Agents near Sasabe, Arizona. He was granted a voluntary return and returned to Mexico.

6. On or about May 18, 2002, HERNANDEZ-DAVILA was arrested by United States Border Patrol Agents near Sasabe, Arizona. He was granted a voluntary return and returned to Mexico.

7. On or about May 21, 2003, HERNANDEZ-DAVILA was arrested by United States Border Patrol Agents near Douglas, Arizona. He was granted a voluntary return and returned to Mexico.

8. On or about January 5, 2009, HERNANDEZ-DAVILA was arrested by United States Border Patrol Agents near Marysville, Michigan. He was processed as a warrant of arrest/notice to appear.

9. On or about January 20, 2009, HERNANDEZ-DAVILA was ordered removed by an Immigration Judge in Detroit, Michigan.

10. On or about January 27, 2009, HERNANDEZ-DAVILA was removed from the United States back to Mexico through El Paso, Texas.

11. On or about April 15, 2015, HERNANDEZ-DAVILA was arrested by United States Border Patrol Agents near Otay Mesa, California. He was processed as an expedited removal.

12. On or about April 18, 2015, HERNANDEZ-DAVILA was removed from the United States back to Mexico through San Luis, Arizona.

13. On or about April 20, 2015, HERNANDEZ-DAVILA was arrested by United States Border Patrol Agents near Nogales, Arizona. He was processed as an expedited removal.

14. On or about April 21, 2015, HERNANDEZ-DAVILA was removed from the United States to Mexico through Nogales, Arizona.

15. On or about August 26, 2016, HERNANDEZ-DAVILA was arrested by United States Border Patrol Agents near Laredo, Texas. He was processed as a reinstatement of deport order.

16. On or about August 29, 2016, HERNANDEZ-DAVILA was convicted of 8 U.S.C. §1325(a)(1), unlawful entry, in the Southern District of Texas and sentenced to 25 days' confinement.

17. On or about September 19, 2016, HERNANDEZ-DAVILA was removed from the United States to Mexico through the Juarez-Lincoln Bridge, in Laredo, Texas.

18. On or about October 19, 2016, HERNANDEZ-DAVILA was arrested by United States Border Patrol Agents near Laredo, Texas. He was processed as a reinstatement of deport order.

19. On or about October 24, 2016, HERNANDEZ-DAILA was convicted

of 8 U.S.C. §1325(a)(1), unlawful entry, in the Southern District of Texas and sentenced to 55 days' confinement.

20. On or about December 15, 2016, HERNANDEZ-DAVILA was removed from the United States to Mexico through Laredo, Texas.

21. On or about July 5, 2025, HERNANDEZ-DAVILA was arrested by United States Border Patrol Agents in the Eastern District of Michigan, following a call for assistance from the Auburn Hills Police Department. On scene, HERNANDEZ-DAVILA readily admitted to being a citizen of Mexico without any documents allowing him to remain in the United States. He was processed by Detroit Border Patrol as a reinstatement of deport order. Auburn Hills also issued him a ticket for Interference with Police Department and Related Offenses (Obstructing/Resisting).

22. HERNANDEZ-DAVILA's fingerprints and photograph were captured and entered into the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). The results revealed that HERNANDEZ-DAVILA is a citizen of Mexico with the foregoing immigration history who has been previously removed from the United States. The record checks did not provide any evidence that HERNANDEZ-DAVILA legally entered the United States or had been issued any document or status that would allow him to enter or remain the United States.

23. The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

24. Review of the Alien File (A# xxx xxx 098) for HERNANDEZ-DAVILA and queries in Department of Homeland Security databases confirm that no record exists of HERNANDEZ-DAVILA obtaining the express permission from the Attorney General or the Secretary of the Department of Homeland Security to re-apply for admission to the United States following his last removal from the United States on December 15, 2016.

25. Based on the foregoing, I believe there is probable cause to conclude that Margarito HERNANDEZ-DAVILA, is an alien who was found in the United States after removal, without the express permission from the Attorney General of the United States or from the Secretary of the Department of Homeland Security to re-apply for admission into the United States in violation of 8 U.S.C. § 1326(a).

                                        */s/ Wayne Williams*

                                        Wayne Williams, Border Patrol Agent
                                        U.S. Department of Homeland Security

Sworn to before me and signed in my
presence and/or by reliable electronic means.

*/s/ David R. Grand*

Honorable David R. Grand
United States Magistrate Judge

July 8, 2025

6